ARTURO J. GONZALEZ (CA SBN 121490)
AGonzalez@mofo.com
WESLEY E. OVERSON (CA SBN 154737)
WOverson@mofo.com
DIANA B. KRUZE (CA SBN 247605)
DKruze@mofo.com
SHAELYN DAWSON (SBN 288278)
ShaelynDawson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000

*[Caption continued on following page.]*

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| CARLOS HERRERA AND ANNA HERRERA, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF FRESNO, FRESNO COUNTY SHERIFF'S OFFICE, AND DOES 1 THROUGH 20, <br><br> Defendants. | Case No. 1:18-CV-01297-AWI-EPG <br><br> **STIPULATED PROTECTIVE ORDER** |

JAMES D. WEAKLEY, ESQ. (Bar No. 082853)
JAMES J. ARENDT, ESQ. (Bar No. 142937)
WEAKLEY & ARENDT
A PROFESSIONAL CORPORATION
5200 N. Palm Avenue, Suite 211
Fresno, California 93704
Telephone: (559) 221-5256
Facsimile: (559) 221-5262
Jim@walaw-fresno.com
James@walaw-fresno.com

Attorneys for Defendants

# 1. INTRODUCTION

## 1.1 Purposes and Limitations

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 1.2 Good Cause Statement

Some of the material expected to be exchanged between the parties is information that is not generally available to the public, and that is maintained in confidence by the Producing Party. Special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted.

Unrestricted or unprotected disclosure of such confidential or personal information would result in prejudice or harm to the Producing Party as well as third parties whose personal information may be contained therein by revealing sensitive confidential information, which has been developed at the expense of the Producing Party. Additionally, privacy interests must be safeguarded.

A Protective Order is sought so the documents and information may be used by the parties in preparation for trial and shared with witnesses and expert witnesses, who would not be subject to a private agreement between the parties. Accordingly, the parties respectfully submit that there is good cause for the entry of this Protective Order.

It is the intent of the parties that information will not be designated as confidential for

tactical reasons and that nothing will be so designated without a good faith belief that there is good cause why it should not be part of the public record of this case.

The parties agree, subject to the Court's approval, that the following terms and conditions shall apply to this Action.

**2.  DEFINITIONS**

2.1  Action: CARLOS HERRERA et al. v. COUNTY OF FRESNO, et al, E. D. Cal. Case No. 1:18-CV-01297-AWI-EPG

2.2  Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

2.3  "CONFIDENTIAL" Information or Items: Protected Data, information (regardless of how it is generated, stored or maintained), and/or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement. For the purposes of the Protective Order, Protected Data means any information that a Party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations.

Protected Data constitutes highly sensitive materials requiring special protection, including, but not limited to, information concerning the personal or material circumstances of an identified or identifiable individual.

2.4  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.5  Counsel: Attorneys (and their support staff) who are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party.

2.6  Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7     Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8     Expert: A person with specialized knowledge or experience in a matter pertinent to this Action who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9     Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10    Party: Any named party to this Action.

2.11    Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action, including information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential—Attorneys' Eyes Only."

2.12    Professional Vendors: Persons or entities that provide litigation support services (e.g., stenographers, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The information or items shall be identified as follows:

"Confidential Material Subject To Protective Order, Herrera v. County of Fresno, E.D. Cal. Case No. 1:18-cv-01297-AWI-EPG" or

"Highly Confidential Material Subject To Protective Order – ATTORNEYS' EYES ONLY, Herrera v. County of Fresno, E.D. Cal. Case No. 1:18-cv-01297-AWI-EPG."

2.14    Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

**3.     SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material

(as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial will be governed by the orders of the trial judge.

**4. DURATION**

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for

protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>For information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend identified in Section 2.14 to each page that contains Protected Material. To the extent it is practical to do so, if only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend identified in Section 2.14 to each page that contains Protected Material.

(b) For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party shall identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it

appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days after receipt of the deposition transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 30 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

The use of a document as an exhibit at a deposition shall not in any way affect the document's designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

<u>Notification to Court Reporters</u>. Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend identified in Section 2.14. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of this Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 251.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the parties must meet-and-confer pursuant to Local Rule 251.  If the parties are unable to come to an agreement, the parties shall request an informal discovery dispute conference pursuant to the undersigned Magistrate Judge's case management procedures. ~~the parties must~~

~~submit a motion, and subsequent joint statement re: discovery disagreement, as required by Local Rule 251.~~

~~The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the parties submit a joint stipulation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.~~

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Specifically, all Protected Material shall be used solely for this Action or any appellate proceeding arising from this Action, and not for any other purpose whatsoever, including any other litigation, unless otherwise agreed to by the Parties or ordered by the court. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Any party receiving Protected Material shall take technical and organizational security measures that are appropriate to the risks, such as unauthorized access, presented by the processing. Any person acting under the authority of a Receiving Party, including a data processor, must not process the data except on instructions from the Receiving Party. Any party receiving Protected Material shall have in place procedures so that any third party it authorizes to have access to the Protected Material, including processors, will respect and maintain the confidentiality and security of the Protected Material.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) employees of the Receiving Party's Counsel of Record in this Action, to whom it is reasonably necessary to disclose the information for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) County of Fresno Board of Supervisors;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a lawful custodian of the information;

(g) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless otherwise agreed by the Designating Party or ordered by the Court and they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the parties engaged in settlement discussions.

Nothing in this order shall be construed as prohibiting the Producing Party from disclosing its own Protected Material to any person at any time.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Counsel of Record in this Action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.4(a), below, have been followed;

(c)     the Court and its personnel;

(d)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e)     the author or recipient of a document containing the information or a lawful custodian of the document.

## 8. DISCOVERY FROM EXPERTS OR CONSULTANTS

The parties shall follow the rules set forth under FRCP Rule 26 pertaining to experts. Specifically, drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must within seven days (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material specifying in writing all steps taken to retrieve the information, (c) inform the person or

persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A, and (e) send to the Producing Party via electronic mail each signed Acknowledgement and Agreement to Be Bound.

**10.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

If the Receiving Party has disclosed the information to others before being notified of the claim of privilege or protection, the Receiving Party must take reasonable steps to retrieve and return or destroy the disclosed information. No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone after the request that they be returned. If a claim is disputed, the Receiving Party shall not use or disclose a document or information for which a claim of privilege or immunity is made pursuant to this paragraph for any purpose until the matter is resolved by agreement of the Parties or by a decision of this court.

Nothing in this Protective Order shall require disclosure of material that a Party contends is

13

protected from disclosure by attorney-client privilege or the attorney work-product immunity or any other applicable form of immunity. This shall not preclude any Party from moving the court for an order directing the disclosure of such material.

**11. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Protected Material that Party must:

    (a) promptly notify in writing the Producing Party. Such notification shall include a copy of the subpoena or court order;

    (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    (c) cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose Protected Material may be affected.

If the Producing Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Producing Party's permission. The Producing Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**12. MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any

information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 141 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 141 unless otherwise instructed by the court.

**13. FINAL DISPOSITION**

Within 60 days after the final disposition of this Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival

1 | copies that contain or constitute Protected Material remain subject to this Protective Order as set
2 | forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: February 13, 2019     MORRISON & FOERSTER LLP

By: */s/ Arturo J. González*

ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzlez@mofo.com
WESLEY E. OVERSON (CA SBN 154737)
WOverson@mofo.com
DIANA B. KRUZE (CA SBN 247605)
DKruze@mofo.com
SHAELYN K. DAWSON (SBN 288278)
ShaelynDawson@mofo.com

MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000

Attorneys for Plaintiffs CARLOS HERRERA et al.

Dated: February 13, 2019

By: */s/ James D. Weakley*
*(as authorized 02/13/2019)*
James D. Weakley, Esq.    Bar No. 082853

*/s/ James J. Arendt*
*(as authorized 02/13/19)*
James J. Arendt, Esq.    Bar No. 142937

WEAKLEY & ARENDT
A PROFESSIONAL CORPORATION
5200 N. Palm Avenue, Suite 211
Fresno, California 93704
Telephone: (559) 221-5256
Facsimile: (559) 221-5262
Jim@walaw-fresno.com
James@walaw-fresno.com

Attorneys for Defendant
COUNTY OF FRESNO

# **ORDER**

Pursuant to the parties' stipulation and the Court's modification to Paragraph 6.3 above, the stipulated protective order is hereby adopted.

IT IS SO ORDERED.

Dated: **February 15, 2019**          /s/ Eric P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ [date] in the case of HERRERA v. COUNTY OF FRESNO, Case No. 1:18-cv-01297-AWI-EPG. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____