# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HERRERA, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>COUNTY OF FRESNO, *et al.*,<br><br>  Defendants. | Case No. 1:18-cv-01297-AWI-EPG<br><br>**ORDER REGARDING DISCOVERY OF OPEN HOMICIDE INVESTIGATION** |

Carlos Herrera and Anna Herrera ("Plaintiffs") commenced this civil rights action against the County of Fresno and Fresno County Sheriff's Office ("Defendants") on January 22, 2019. (ECF No. 1.) Plaintiffs allege that Defendants caused the death of their son, Lorenzo Herrera, by failing to protect him from other inmates when he was confined to Fresno County Jail, and that Defendants have implemented customs and policies that violate the Fourteenth Amendment to the United States Constitution. *Id.*

The Court set an Initial Scheduling Conference for January 22, 2019, and requested that the parties submit a joint scheduling report prior to the Conference. (ECF No. 3.) On January 22, 2019, Shaelyn Dawson and Diana Kruze, attorneys for Plaintiffs, and James Weakly, attorney for Defendants, appeared for the Conference. (ECF No. 10.) Deputy Mark Chapman, a detective with the Fresno County Sheriff's Office, also attended the Conference and stated that he is leading a homicide investigation into the death of Lorenzo Herrera. *Id.* The parties identified a dispute about

1

1 the disclosure of documents pertaining to the open homicide investigation into Lorenzo Herrera's

2 death. (ECF No. 9.) The Court declined to schedule the case and requested briefing on the

3 disclosure dispute. (ECF No. 10.) The Court also reset the Initial Scheduling Conference for

4 February 13, 2019. *Id.*

On January 30, 2019, Defendants filed a brief in which they request a stay of discovery related to the homicide investigation. (ECF No. 11). On February 6, 2019, Plaintiffs filed their opposition, arguing that they will be prejudiced by any stay. (ECF No. 12.) On February 8, 2019, Defendants filed a reply brief. (ECF No. 13.)

On February 13, 2019, the Court held the Initial Scheduling Conference, and the parties discussed the disclosure dispute. (ECF No. 14.) Shaelyn Dawson, Diana Kruze, and James Weakly appeared, and Deputy Chapman participated in the Conference. *Id.*

For the reasons explained on the record at the February 13, 2019 Conference, the Court orders as follows:

Within 14 days from the date of this order, Defendants shall produce any documents contained in the criminal investigation files whose production would not threaten the criminal investigation. To the extent possible, Defendants shall seek to redact sensitive information rather than withhold a document in full. Defendants shall also provide Plaintiffs with a general description of the documents or category of documents that they continue to withhold.

Production of any additional documents from the criminal investigation files is stayed for 60 days from the date of this order. Defendants may move to extend the sixty-day deadline before termination of said deadline.

Following the stay described above, Defendants shall produce the remaining documents pertaining to the homicide investigation or formally claim a privilege regarding such documents. To claim such a privilege, Defendants shall provide a privilege log of any withheld documents. As articulated in *Kelly v. City of San Jose*, 114 F.R.D. 653, 655 (N.D. Cal. 1987), to invoke the official investigation privilege, Defendants must make a substantial threshold showing by submitting a declaration or affidavit, under oath and penalty of perjury, from a government official within the Fresno County Sheriff's Office who has personal knowledge of the homicide

2

investigation and the matters to be attested to in the affidavit or declaration. The affidavit or declaration must provide (1) an affirmation that the Fresno County Sheriff's Office generated or collected the documents in questions and has in fact maintained its confidentiality; (2) a statement that the official has personally reviewed the documents in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosing the documents to Plaintiffs and/or their attorneys; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests; and (5) a projection of how much harm would be done to the threatened interests if the disclosure were made. Defendants must also submit any documents withheld under the official information privilege for *in camera* review. The Court will then review such documents and evaluate the assertion of privilege consistent with relevant case law.

At the Conference, additional discovery issues were discussed. The Court set a hearing for further discovery issues for March 18, 2019 at 3:00 pm. The parties shall meet and confer prior to the hearing, and file any application pursuant to the following schedule: motion by February 27, 2019; opposition by March 6, 2019; and reply by March 13, 2019. The Court grants telephonic appearances at said hearing, with each party wishing to so appear directed to use the following dial-in number and passcode: 1-888-251-2909; passcode 1024453.

IT IS SO ORDERED.

Dated: **February 15, 2019**         /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE