ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzlez@mofo.com
DIANA B. KRUZE (CA SBN 247605)
DKruze@mofo.com
SHAELYN DAWSON (CA SBN 288278)
ShaelynDawson@mofo.com
DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| CARLOS HERRERA AND ANNA HERRERA,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF FRESNO, FRESNO COUNTY SHERIFF'S OFFICE, AND DOES 1 THROUGH 20,<br><br>Defendants. | Case No. 1:18-cv-01297-AWI-EPG<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Hearing: March 18, 2019**<br>Time: 3:00 p.m.<br>Judge: Hon. Erica P. Grosjean |

TO DEFENDANTS COUNTY OF FRESNO AND FRESNO COUNTY SHERRIFF'S OFFICE AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs' Motion to Compel will be heard at 3:00 p.m. on March 18, 2019, or as soon thereafter as the matter can be heard, in Courtroom 10 of the United States District Court for the Eastern District California, Fresno Division, 2500 Tulare Street, Fresno, California, 93721, at which time Plaintiffs Carlos Herrera and Anna Herrera ("Plaintiffs") will and hereby do move for an order compelling Defendant County of Fresno and the Fresno County Sherriff's Office (collectively, "Defendant" or the "County") to respond to certain of the requests directed to Defendant in Plaintiffs' First Set of Requests for Production of Documents (the "RFPs"); Plaintiffs' First Set of Requests for Admission (the "RFAs"); and Plaintiffs' First Set of Interrogatories (the "Interrogatories").

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities and the Declaration of Diana B. Kruze submitted herewith pursuant to the Court's February 15, 2019 order, and further evidence and arguments as may hereafter be presented.

Dated: February 27, 2019

MORRISON & FOERSTER LLP

By: */s/ Diana B. Kruze*
DIANA B. KRUZE

Attorneys for Plaintiffs

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Hiser v. Franklin*,
94 F.3d 1287 (9th Cir. 1996)....................5, 6

*Holmgren v. State Farm Mut. Auto. Ins. Co.*,
976 F.2d 573 (9th Cir. 1992)....................8

*Kaufman v. Bd. of Trs.*,
168 F.R.D. 278 (C.D. Cal. 1996)....................3

*Marchand v. Mercy Med. Ctr.*,
22 F.3d 933 (9th Cir. 1994)....................8

*Nance v. May Trucking Co.*,
No. 11-CV-0537-LAB DHB, 2012 WL 1598070 (S.D. Cal. May 7, 2012)....................5

*Oakes v. Halvorsen Marine Ltd.*,
179 F.R.D. 281 (C.D. Cal. 1998)....................3

*Sarnowski v. Peters*,
No. 2:16-CV-00176-SU, 2017 WL 4467542 (D. Or. Oct. 6, 2017)....................5

*Triangle Residential Designs, Inc. v. Ashley Turner Enters., Inc.*,
No. 5:05-CV-412-F(3), 2011 WL 7293428 (E.D.N.C. Feb. 24, 2011)....................5

## Statutes and Rules

Fed. R. Civ. Proc. 23....................5

Fed. R. Civ. Proc. 26....................3

Fed. R. Civ. Proc. 36....................8

## Other Authorities

6 Moore's Federal Practice – Civil § 26.42 (2018)....................3

## I. INTRODUCTION

Defendant has refused to comply with narrowly tailored discovery requests directed at documents and information central to Plaintiffs' claim that Defendant is liable for the murder of Lorenzo Herrera while he was in custody at the Fresno County Jail (the "Jail"). Plaintiffs' discovery requests are targeted at documents and information that are at the heart of Plaintiffs' negligence and civil rights claims, including Defendant's deliberate indifference to the civil rights, safety, security, and health of inmates at the Jail. Through baseless objections, Defendant has refused to respond to many of Plaintiffs' discovery requests.

First, Defendant has objected to any discovery related to its efforts to comply with a consent decree that was executed by the County in a separate case ***more than two years before*** Lorenzo's detention and murder. Defendant's failure to abide by this consent decree is strong evidence of deliberate indifference. Defendant, for example, was well aware that its Jail was woefully understaffed, and yet did little or nothing to remedy that inherently unsafe condition. Defendant argues that the consent decree shields these issues from discovery and that Plaintiffs' claims have somehow "already been adjudicated" in the settled class action. In other words, Defendant contends that discovery is barred by Defendant's affirmative defense of *res judicata*. Defendant's assertion of an affirmative defense, however, is not a basis for resisting discovery. Additionally, Defendant's objections ignore that the order granting final approval of the consent decree explicitly held that individuals were "***not barred from seeking individual damage claims***" as a result of the consent decree. The consent decree thus provides no basis for preventing Plaintiffs' access to evidence showing that Defendant was on notice that its customs, practices, and policies posed a substantial risk of serious harm to inmates at the Jail and that Defendant was deliberately indifferent to those risks.

Second, despite failing to even object on the grounds of undue burden or proportionality, Defendant has unilaterally elected to limit its response to requests related to the guards and correctional officers who were on duty during the twenty-four hour period surrounding Lorenzo's murder. Defendant's self-imposed limitations seek to conceal from discovery inmate complaints about these guards related to inadequate supervision, failure to act, retaliation, excessive force,

corruption, and numerous other issues. All of these topics, as well as the County's responses (or lack thereof) to the inmate complaints, are highly relevant to Plaintiffs' claims regarding the dangerous conditions, inadequate staffing, and use of excessive force at the Jail. Defendant has articulated no basis for its refusal to fully respond to Plaintiffs' requests.

Finally, Defendant has improperly refused to answer requests for admission that it deemed to be "oversimplified" or "inflammatory." Defendant cannot refuse to answer an admission just because it does not like the answer.

For the reasons discussed below, Defendant's objections to these discovery requests should be overruled and Defendant should be compelled to respond to the requests as written.

## II. BACKGROUND

On March 24, 2018, Lorenzo Herrera was found dead in his cell at the Fresno County Jail. In the Complaint, Plaintiffs allege that Lorenzo, a nineteen-year-old young man who had not been convicted of any crime, was killed because of Defendant's deliberate indifference to the safety, security, and health of inmates housed at the Jail. As further alleged in the Complaint, Defendant has consistently housed inmates in dangerous facilities and has failed to adequately protect inmates housed at the Jail for many years. The dangerous conditions, understaffing, and inadequate training at the Jail are no secret to the County. These conditions were the subject of both external reports commissioned by the County and a class action lawsuit filed in 2011[1] that was settled by the County in 2015. As part of the class action settlement, the County entered into a consent decree (the "Consent Decree") in which it agreed to, among other things, improve safety and medical care at the Jail and hire additional correctional officers.

On November 20, 2018, Plaintiffs served discovery requests directed at obtaining documents and other information relevant to their claims. Plaintiffs' discovery requests are attached in their entirety as Exhibits 1-3 of the Declaration of Diana B. Kruze, which has been submitted concurrently herewith. In their requests, Plaintiffs sought, among other things, documents and other information related to (i) Defendant's compliance, or lack thereof, with the

[1] *Hall v. County of Fresno*, E.D. Cal. Case No. 1:11-cv-02047-LJOBAM ("*Hall*").

Consent Decree's provisions related to the safety, security, and health care provided to inmates at the Jail; (ii) the guards working at the Jail on the day of Lorenzo's murder; and (iii) the risks associated with Defendant's inmate classification and housing practices at the Jail. On February 8, 2019, Defendant served responses and objections that refused to respond in substance to many of Plaintiffs' requests. (Kruze Decl. Exs. 4-6.) The parties met and conferred regarding Defendant's responses. (*Id*. at ¶ 2.) While the parties were able to reach compromise solutions as to some issues, Defendant refused to provide a further response to the requests at issue in this motion. (*Id.*)

## III. LEGAL STANDARD AND RELEVANT CLAIMS

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding *any nonprivileged matter that is relevant* to any party's claim or defense." Fed. R. Civ. P. 26(b)(1) (emphasis added). Relevance under Rule 26 is interpreted broadly and "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1); *see* 6 Moore's Federal Practice - Civil § 26.42 (2018).

Where a party objects or fails to respond to a discovery request, the party propounding discovery may move for an order compelling discovery under Rule 37(a). As the party resisting discovery, Defendant bears both the burden of showing that discovery should not be allowed and the burden of clarifying, explaining, and supporting its objections. *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998); *Kaufman v. Bd. of Trs.*, 168 F.R.D. 278, 280 (C.D. Cal. 1996) ("The burden of proof is on the party opposing discovery to claim lack of relevancy and privilege.").

Plaintiffs' RFPs, Interrogatories, and RFAs seek information in support of their wrongful death and Section 1983 municipal liability claims against Defendant County of Fresno. Defendant has refused to provide documents and information that are relevant to many of the key allegations in Plaintiffs' Complaint, including:

- Inadequate staffing levels at the Jail (*e.g.*, ¶¶ 4, 20, 27-32);
- Inadequate training provided to guards employed at the Jail (*e.g.*, ¶ 6);
- Unsafe inmate housing conditions at the Jail due to overcapacity and inadequate

classification of inmates (*e.g.*, ¶¶ 17-26);

- Inadequate design and supervision of inmate cells and pods at the Jail (*e.g.*, ¶¶ 5-6, 20-21);
- Inadequate healthcare provided to inmates at the Jail (*e.g.*, ¶¶ 33-36); and
- Defendant's awareness of—and deliberate indifference to—these dangerous and unsafe conditions present at the Jail (*e.g.*, ¶¶ 36, 38, 41, 43).

## IV. ARGUMENT

Defendant has refused to produce documents directly relevant to establishing Plaintiffs' pleaded factual assertions, severely limiting Plaintiffs' ability to prosecute their case. Defendant's objections are no basis for denying discovery.

### A. Information Related to Non-Compliance with the Consent Decree (RFP No. 12; Interrogatory No. 9; RFAs Nos. 1 and 2)

Plaintiffs have requested documents and information related to the County's compliance with the Consent Decree:

- RFP No. 12: All DOCUMENTS that discuss or refer to compliance or non-compliance with the consent decree entered in *Hall v. County of Fresno* (E.D. Cal. Case No. 1:11-cv-02047-LJOBAM).
- Interrogatory No. 9: Describe YOUR efforts to comply with the terms the consent decree entered in *Hall v. County of Fresno* (E.D. Cal. Case No. 1:11-cv-02047-LJO-BAM) and implement the remedial plan attached as Appendix A to the consent decree (the "Remedial Plan"), including its provisions relating to (i) employing adequate numbers of correctional staff to comply with the terms of the Remedial Plan (see, e.g., § IV.A.1 of the Remedial Plan); (ii) the maintenance of an appropriate classification system to protect inmates from an unreasonable risk of harm (see, e.g., § IV.D of the Remedial Plan); (iii) the maintenance of all cameras, alarms, and other monitoring equipment at the Jail (see, e.g., § IV.G of the Remedial Plan); and (iv) the provision of adequate health care in compliance with the terms of the Remedial Plan (see, e.g., § I of the Remedial Plan).
- RFA No. 1: Admit that YOU are currently in violation of the terms of the consent decree entered in *Hall v. County of Fresno* (E.D. Cal. Case No. 1:11-cv-02047-LJO-BAM).
- RFA No. 2: Admit that YOU have not hired 127 correctional officers since the execution of the Consent Decree, as required by § IV.A.1 of the remedial plan attached as Appendix A to the Consent Decree (the "Remedial Plan").

Defendant refused to respond substantively to these requests. Instead, Defendant objected to each request on the grounds that (i) Plaintiffs' mere mention of the Consent Decree was somehow a "violation" of the Consent Decree's terms and (ii) "[d]iscovery into this issue is barred based on *res judicata* because the matters were previously adjudicated." (Kruze Decl. Ex.

4 at 8-9; Ex. 5 at 41; Ex. 6 at 3-4.) Defendant did not object on the grounds of relevance or to the form of these requests.

Defendant's objections are without merit. As an initial matter, Defendant's assertion of an affirmative defense is not a shield against discovery. *Sarnowski v. Peters*, No. 2:16-CV-00176-SU, 2017 WL 4467542, at *5 (D. Or. Oct. 6, 2017) ("Arguments regarding whether plaintiff has stated a claim, whether the proper defendants are named in the suit, and whether certain defenses are meritorious are not proper objections to discovery requests."); *Nance v. May Trucking Co.*, No. 11-CV-0537-LAB DHB, 2012 WL 1598070, at *3 (S.D. Cal. May 7, 2012) ("Whether the [complaint's] claims . . . are deficient or not is not presently at issue. Those claims, however, are the operative claims, and Plaintiffs are entitled to obtain discovery relevant to their operative claims."); *Triangle Residential Designs, Inc. v. Ashley Turner Enters., Inc.*, No. 5:05-CV-412-F(3), 2011 WL 7293428, at *2 (E.D.N.C. Feb. 24, 2011) ("Arguments that Plaintiff's claims have no merit or that Defendants have a viable affirmative defense are not the kind of argument[s] that the Court can adequately entertain in a discovery dispute." (citation and internal quotations omitted)). If pleading a defense was sufficient to avoid discovery, discovery would never occur.

Moreover, Defendant's *res judicata* argument is squarely in conflict with Ninth Circuit law and this Court's order granting final approval of the settlement in *Hall*.[2] As this Court noted when approving the settlement in *Hall*, because the *Hall* plaintiffs sought only declaratory and injunctive relief, the settlement class was approved under Fed. R. Civ. Proc. 23(b)(2) and individual class members were "***not barred from seeking individual damage claims***" as a result of the settlement. *Hall v. County of Fresno* (E.D. Cal. Case No. 1:11-cv-02047-LJO-BAM), ECF. No. 175 at 9 (*adopted in full* by ECF. No. 179) (emphasis added). This holding was consistent with well-established Ninth Circuit law holding that "a class action suit seeking only declaratory and injunctive relief does not bar subsequent individual damage claims by class members, even if based on the same events." *Hiser v. Franklin*, 94 F.3d 1287, 1291-92 (9th Cir.

---

[2] Tellingly, Defendant did not assert its *res judicata* argument in a motion to dismiss Plaintiffs' Complaint and has yet to file any substantive motion on the issue.

1996). Further, the fact that Plaintiffs' damages claims did not accrue until ***more than two years after*** the *Hall* settlement and Consent Decree were entered prevents *Hall* from having preclusive effect on this action. *Id*. Defendant's *res judicata* defense is substantively baseless and, in any event, irrelevant to discovery requests.

Defendant's argument that Plaintiffs are prohibited from "using" or discussing the Consent Decree in this action also misses the point. As a preliminary matter, Plaintiffs are not a signatory to the agreement and are in no way bound by its terms. Moreover, the question of whether the Consent Decree itself may ultimately be presented as evidence at trial of Defendant's liability in this action is not raised by Plaintiffs' discovery requests. Plaintiffs' requests simply seek documents and information relating to the actions taken by the County in response to the Consent Decree. Those actions are highly relevant to Plaintiffs' allegations concerning (i) inadequate staffing levels at the Jail, (ii) inadequate training provided to guards employed at the Jail, (iii) unsafe inmate housing conditions at the Jail due to overcapacity and inadequate classification of inmates, (iv) inadequate design and supervision of inmate cells and pods at the Jail, and (v) inadequate healthcare provided to inmates at the Jail. These issues are at the core of Plaintiffs' claims, and the Consent Decree's terms do not shield these matters from discovery.

Defendant's objections should be overruled, and Defendant should be compelled to respond to RFP No. 12, Interrogatory No. 9, and RFAs Nos. 1 and 2.

### B. Information Related to the Guards on Duty When Lorenzo Herrera was Murdered (RFP No. 17)

Plaintiffs' Interrogatory No. 5 requested that Defendant identify the individuals "acting as guards or correctional officers, or who were otherwise responsible for securing and monitoring the pod in which Lorenzo Herrera was detained on March 23, 2018 and March 24, 2018." Defendant's response to this Interrogatory identified twenty individuals. Plaintiffs' RFP No. 17, in turn, requested "All DOCUMENTS RELATING TO complaints made by inmates, or individuals acting on their behalf, involving the PERSONS identified in [Defendant's] response." (Kruze Decl. Ex. 1 at 7.)

Defendant agreed to produce "inmate grievances" against the relevant officers to the

extent they related "to housing assignments and inmate violence or threats of violence for the 5 years preceding" Lorenzo's murder but otherwise objected to RFP No. 17, as follows:

> Defendant objects to this request on the grounds that the requested documents are beyond the scope of discovery in that they are not relevant to any of Plaintiffs' claims. It is also overbroad in scope as it does not limit the time or type of complaint. Objection is also made that "complaints made by inmates" is vague and ambiguous. Further, the records contain confidential medical information. Inmate grievances against officers relating to issues other than housing assignments and inmate violence or threats of violence are being withheld.

(Kruze Decl. Ex. 4 at 11.)

Defendant's self-imposed limitations are improper for several reasons. First, limiting the production to grievances involving "housing assignments and inmate violence or threats of violence" improperly constrains Plaintiffs' request and cuts off highly relevant topics of discovery. For example, complaints from inmates regarding inadequate supervision, failure to act, retaliation, excessive force, or corruption are all relevant to Plaintiffs' claims regarding the dangerous conditions, inadequate staffing, and use of excessive force at the Jail. Second, limiting the production to the grievances themselves deprives Plaintiffs of highly relevant documents directly related to these inmate complaints, including investigation materials, reports, and disciplinary actions taken in response. These documents are unquestionably relevant to Plaintiffs' allegations concerning Defendant's awareness of, and deliberate indifference to, the risks to inmate safety and health posed by the dangerous conditions, inadequate staffing, and use of excessive force at the Jail. Finally, Defendant's five-year cut-off is arbitrary and unnecessary. Plaintiffs are not requesting documents related to every inmate complaint for every officer employed at the Jail. Rather, Plaintiffs are requesting documents related to complaints made against the small and discrete group of officers responsible for securing the single floor of the Jail on which their son was housed during the twenty-four hour period surrounding his murder. Patterns of behavior for these officers—and Defendant's responses to complaints regarding this behavior—are plainly relevant to Plaintiffs' claims. Defendant has offered no explanation for why its five-year limitation is necessary. Indeed, Defendant did not even object to this RFP on the grounds of proportionality or undue burden.

Defendant should be compelled to respond to RFP No. 17 as written.

### C. Information Related to Dangerous Inmate Housing Conditions (RFAs No. 9 through 12)

Plaintiffs served four RFAs related to the danger presented by Defendant's inmate classification and housing policies:

- RFA No. 9: Admit that it is dangerous to put an inmate who is not a member of a criminal street or prison gang in the same cell as an inmate who is a member of a criminal street or prison gang.
- RFA No. 10: Admit that it is dangerous to put an inmate who is not a member of a criminal street or prison gang in the same pod as an inmate who is a member of a criminal street or prison gang.
- RFA No. 11: Admit that it is dangerous to put an inmate who has no history of violence in the same pod as an inmate who has a history of violence.
- RFA No. 12: Admit that it is dangerous to put an inmate who has no history of violence in the same cell as an inmate who has a history of violence.

Defendant refused to respond and objected to each of these RFAs on substantially similar grounds, claiming that the terms "dangerous," "put," "history of violence," and "member" are vague and ambiguous and that the word "dangerous" is misleading, "overly simplified," and "purposefully inflammatory." (Kruze Decl. Ex. 6 at 6-7.)

Defendant's objections are evasive, and Defendant's responses do not comply with its obligations under Fed. R. Civ. Proc. 36. Each RFA presents a straightforward question and uses words with clear, plain-language meanings. To the extent Defendant believes the term "dangerous" is "overly simplified" or "inflammatory," Defendant's obligation is to respond in good faith with the "necessary contextual explanation to remedy any improper inferences." Moore's Federal Practice § 36.11 (3d ed.). It is not permissible to "evade disclosure by quibbling and objection" where, as here, Defendant is fully capable of meeting its obligation to "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted." *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994); *see also Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 579-81 (9th Cir. 1992).

## V. CONCLUSION

Plaintiffs respectfully request that the Court overrule Defendant's objections and compel a full response to RFPs Nos. 12 and 17; Interrogatory No. 9; RFAs Nos. 1, 2, and 9-12.

Dated: February 27, 2019

ARTURO J. GONZÁLEZ
DIANA B. KRUZE
SHAELYN DAWSON
DAVID J. WIENER
MORRISON & FOERSTER LLP

By: */s/ Diana B. Kruze*
DIANA B. KRUZE

Attorneys for Plaintiffs

sf-3997397