# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HERRERA, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>COUNTY OF FRESNO, *et al.*,<br><br>  Defendants. | Case No. 1:18-cv-01297-AWI-EPG<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL DISCOVERY<br><br>(ECF No. 19) |

On March 18, 2019, the Court held a hearing on Plaintiffs' Motion to Compel Discovery (ECF No. 19). Plaintiffs were represented by Diana Kruze and David Wiener. Defendants were represented by James Weakley. For the reasons stated on the record during the hearing, and as stated herein, the Court grants in part and denies in part the Motion to Compel.

**A. Information Related to Consent Decree**

Plaintiffs move to compel Defendants to respond to Plaintiffs' discovery requests related to a consent decree entered in the case of *Hall v. County of Fresno*, Case No. 1:11-cv-02047-LJO-BAM (E.D. Cal.). Those discovery requests are the following:

- RFP 12: "All DOCUMENTS that discuss or refer to compliance OR non-compliance with THE consent decree. . . ."
- Interrog. 9: "Describe YOUR efforts to comply with the terms of the consent decree . . . ."
- RFA 1: "Admit that YOU are currently in violation of the terms of the consent decree. . . . "

1

- RFA 2: "Admit that YOU have not hired 127 correctional officers since the execution of the Consent Decree, as required by § IV.A.1 of the remedial plan attached as Appendix A to the Consent Decree (the "Remedial Plan")."

(ECF No. 19 at 7.)

Defendants argue that they are precluded from responding to these discovery requests by the terms of the consent decree, and specifically ¶ 22 of the consent decree, which provides: "Neither the fact of this Consent Decree nor any statements of claims contained herein shall be used in any other case, claim, or administrative proceedings, except that Defendant and its employees and agents may use this Consent Decree and any statement contained herein to assert issue preclusion or res judicata." (ECF No. 21-1 at 17.)

The Court took this issue under advisement in order to review the cases cited by Plaintiffs during the hearing and in their briefing in support of their motion to compel. The Court has now reviewed and considered those cases and finds the cases distinguishable.

In *Washington v. United States*, 2007 WL 3025843 (W.D. Wash. Oct. 15, 2007), the court conditioned its approval of a consent decree on the removal of language stating the "Consent Decree shall not be used against any Party in any action or proceeding other [than] to enforce the terms of this Consent Decree." *Id.* at \*10. The court noted that the consent decree "already contains a provision precluding the use of the Consent Decree as evidence of an admission of liability" on the part of the defendant and found that the court "cannot and should not prohibit the use of the Consent Decree in future actions." *Id.*

In contrast to *Washington*, here this Court is not in the position of determining whether a consent decree should be approved. To the contrary, the consent decree was approved and is in full force and effect, and *Washington* does not convince the Court that ¶ 22 of the consent decree is unlawful or otherwise unenforceable.

In the remaining two cases cited by Plaintiff, there is no indication that the settlement agreements included a prohibition similar to the one contained in ¶ 22 of the consent decree. *See Spell v. McDaniel*, 824 F.2d 1380, 1400 (4th Cir. 1987); *Green v. Baca*, 226 F.R.D. 624, 640-42 (C.D. Cal. 2005).

For the reasons stated on the record during the March 18, 2019, hearing, as supplemented

herein, the Court finds that ¶ 22 of the consent decree precludes the Court from compelling Defendants to respond to RFP 12, Interrog. 9, and RFAs 1 and 2. The Court will accordingly deny the Motion to Compel to the extent it seeks to compel Defendants to respond to RFP 12, Interrog. 9, and RFAs 1 and 2.

**B. Information Regarding Guards on Duty**

Plaintiffs move to compel Defendants to respond to Plaintiffs' discovery request related to the guards that were on duty surrounding the time of Herrera's death. The specific discovery request at issue is the following:

- RFP 17: "All DOCUMENTS RELATING TO complaints made by inmates, or individuals acting on their behalf, involving the PERSONS identified in YOUR response to Plaintiffs' Interrogatory No. 5."

Interrogatory 5 requests Defendants to "IDENTIFY all PERSONS acting as guards or correctional officers, or who were otherwise responsible for securing and monitoring the pod in which Lorenzo Herrera was detained on March 23, 2018 and March 24, 2018." Defendants answered Interrogatory 5 by providing the names of twenty-one correctional officers. Defendants, however, refused to respond to RFP 17, arguing that the request is overbroad because it does not limit either the time or the type of complaint, and seeks information that is not relevant to Plaintiffs' case.

For the reasons stated on the record during the March 18, 2019, hearing, the Court grants in part and denies in part the Motion to Compel to the extent it is seeking to compel Defendants' response to RFP 17:

- Defendants shall produce to Plaintiffs, no later than April 17, 2019, all complaints made by inmates, or individuals acting on their behalf, without limitation as to subject matter, involving the correctional officers at issue in RFP 17 for the ten (10) years prior to March 18, 2019.
- If Defendants assert a privilege, they are to provide a privilege log.[1]
- Plaintiffs may, within thirty (30) days after receipt of Defendants' response to RFP 17, request all documents relating to specific complaints. If there is a disagreement regarding such request, the parties may raise the issue with the Court.

---

[1] Plaintiffs may move to compel or for in camera review if they wish to challenge the privilege, using the Court's procedures for discovery disputes.

3

**C. Discovery Regarding "Dangerous" Inmate Housing Conditions**

Plaintiffs move to compel Defendants to respond to Plaintiffs' discovery requests related to "dangerous" housing conditions. The specific discovery requests at issue are the following:

- RFA 9: "Admit that it is dangerous to put an inmate who is not a member of a criminal street or prison gang in the same cell as an inmate who is a member of a criminal street or prison gang."
- RFA 10: "Admit that it is dangerous to put an inmate who is not a member of a criminal street or prison gang in the same pod as an inmate who is a member of a criminal street or prison gang."
- RFA 11: "Admit that it is dangerous to put an inmate who has no history of violence in the same pod as an inmate who has a history of violence."
- RFA 12: "Admit that it is dangerous to put an inmate who has no history of violence in the same cell as an inmate who has a history of violence."

For the reasons stated on the record during the March 18, 2019, hearing, the Court grants the Motion to Compel to the extent it is seeking to compel Defendants to respond to RFAs 9-12. Defendants are to provide their responses to RFAs 9-12 no later than April 17, 2019.

IT IS ORDERED that the Motion to Compel (ECF No. 21) is GRANTED in part and DENIED in part as follows:

1. The Motion to Compel is DENIED to the extent it seeks to compel Defendants to respond to RFP 12, Interrog. 9, and RFAs 1 and 2.

2. The Motion to Compel is GRANTED in part and DENIED in part to the extent it is seeking to compel Defendants' response to RFP 17:

    a. Defendants shall produce, no later than April 17, 2019, all complaints made by inmates, or individuals acting on their behalf, without limitation as to subject matter, involving the correctional officers named in response to Interrog. 5, for the ten (10) years prior to March 18, 2019.

    b. If Defendants assert a privilege, they are to provide a privilege log.

    c. Plaintiffs may, within thirty (30) days after receipt of Defendants' response to RFP 17, request all documents relating to specific complaints.

\\\
\\\
\\\

4

3. The Motion to Compel is GRANTED to the extent it is seeking to compel Defendants to respond to RFAs 9-12. Defendants are to provide their responses to RFAs 9-12 no later than April 17, 2019.

IT IS SO ORDERED.

Dated: **March 20, 2019**  /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE